LOYAL H. BIGELOW

*v.*

CHARLES A. GREGORY *et al.*

1. CORPORATION—*what necessary to create, under a general law.* Where a general law provides that persons who, by articles of agreement in writing, shall associate according to the terms of the law, and comply with the provisions of the law, shall become a body politic and corporate, such persons do not, by merely executing articles of agreement to that effect, and without complying with the other provisions of the law, become a corporation, and escape liability as partners, for debts created by them in the prosecution of the business of the association.

2. Where a general law provides that persons may become a body politic and corporate upon complying with the provisions of the law, one of which is, that, before any such corporation shall commence business, its articles of association shall be published a certain way, and a certificate of the purposes of the organization shall be filed in certain public offices, the performance of these acts is a necessary prerequisite to the existence of such corporation.

3. SAME—*difference between those formed under general law and those created by special charter.* There is a manifest difference as to the effect of irregularities and omissions of the requirements of the law in the organization of corporations, between a case where a corporation is created by special charter and there have been acts of user, and a case where individuals seek to form themselves into a corporation under the provisions of the general law. In the latter case, it is only in pursuance of the provisions of the statute for such purpose that corporate existence can be acquired.

4. A stricter measure of compliance with the statutory requirements in the formation of a corporation, is required in a case where individuals seek to avoid personal liability on the ground of having become a corporation, than where, in a case between a corporation and a stockholder or other individual; the plea of *nul tiel corporation* is interposed.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an action of assumpsit, brought by Bigelow, appellant, against Charles A. Gregory, Franklin H. Watriss, Oramel S. Hough and Reuben Hatch, as co-partners, doing business under the name and style of the Warfield Cold Water Soap Company, to recover for goods sold and delivered. The de-

fendants in the court below pleaded the general issue, and also interposed a further plea denying the partnership, verifying the same by affidavit. The cause was tried by the court without a jury, and the issues found and judgment rendered for the defendants. The plaintiff brings the record here by appeal to reverse the judgment.

From the testimony, it appears that, in November, 1870, the defendants, with one Isaac N. Gregory, signed a certain paper, commencing:

"Articles of association of Warfield's Cold Water Soap Company of Milwaukee.

"We, the undersigned, being desirous of forming a company for the purpose of carrying on a manufacturing business, as hereinafter stated, under authority of the act of the legislature of the State of Wisconsin, relating to joint stock companies, approved April 2, 1858, and acts amendatory thereof, do hereby agree and certify that the name of the company is and shall be, Warfield's Cold Water Soap Company, of Milwaukee," proceeding to state at length the objects of the company, the amount of its capital stock, its number of shares, the term of existence of the company, the number and names of the directors for the first year, they being the subscribers themselves, how the capital stock should be paid, the signers subscribing for all the stock, and agreeing to pay it as required by the directors, and concluding:

"We hereby adopt the foregoing as the articles of association of said Warfield's Cold Water Soap Company, of Milwaukee, for the purpose of becoming a body politic and corporate under said name.

"Witness our hands, at Chicago, Illinois, this twenty-third day of November, A. D. 1870.

> Charles A. Gregory,
> Franklin H. Watriss,
> Oramel S. Hough,
> Reuben Hatch,
> Isaac N. Gregory."

This paper was filed in the office of the Secretary of State of Wisconsin, on the 8th day of July, 1871, and in the office of the city clerk of Milwaukee, August 23, 1871. It was also published in two newspapers in Milwaukee, the "Guide," and "Herald," September 13th and 15th, 1871.

The Revised Statutes of Wisconsin were introduced in evidence, and the act under which defendants claimed to have become incorporated.

Section 1 provides that corporations organized under this chapter shall have the usual privileges and powers of corporations.

Section 2. Any number of persons, not less than three, who, by articles of agreement in writing, shall associate according to the provisions of this law,   *   *   *   and who shall comply with the provisions of this chapter, shall, with their successors and assigns, constitute a body politic and corporate, under the name assumed by them.

Section 17. Before any corporation formed and established by virtue of the provisions of law, shall commence business, the president and directors shall cause their articles of association to be published at full length in two newspapers, etc. They shall also make a certificate of the purpose for which such corporation is formed, the amount of their capital stock, the amount actually paid in, and the names of their shareholders and the number of shares of each respectively owned, which certificate shall be signed by the president and a majority of the directors, and deposited with the Secretary of State, and a duplicate thereof with the town clerk of the town or clerk of the village or city where the business is to be transacted, which is to be recorded in books kept for the purpose.

Business was done under the name of the company, in which the defendants were jointly interested. There is no controversy as to the sale and delivery of the goods.

Messrs. LYMAN & JACKSON, for the appellant.

Messrs. KING & SCOTT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only question here arising is, whether the defendants were exempt from individual liability by reason of having become a corporation.

The second section of the act of Wisconsin, under which defendants claim to have become incorporated, provides that, the persons who, by articles of agreement in writing, should associate according to the provisions of that law, and who should comply with the provisions of that chapter, should become a body politic and corporate, etc. Not that they should so become by articles of agreement in writing, but the further thing was required, of a compliance with the provisions of that chapter.

Section 17 is express, that before any corporation formed and established by virtue of the provisions of law, shall commence business, the articles of association should be published in two newspapers in the county in which the corporation was located, and the certificate required should be deposited with the Secretary of State, and a duplicate with the clerk of the town or city where the corporation was to transact its business.

We are of opinion that in this case, as the question here comes up, the right of the defendants to be considered a corporation, depends upon their having complied with the requirements of the statute, at least to the extent of the publication of their articles of association, and the filing of the certificate. These are important acts as affects the public interest, as affording means of notice respecting the corporation to such as deal with it, so that they may regulate their action and give or withhold credit accordingly, and we think they are to be regarded as statutory prerequisites, essential to corporate existence.

The defendants are seeking escape from individual liability; let them show that they have complied with the statute which enables them to do so, at least substantially, as respects the above named acts. Such we regard to be the doctrine of the

authorities. *Union Insurance Co.* v. *Cram,* 43 N. H. 641; *Mokelmune Mining Co.* v. *Woodbury,* 14 Cal. 425; *Harris* v. *McGregor,* 29 id. 124; *Spencer Field* v. *Paul Cooks,* 16 Louisiana An. R. 153; Angell & Ames on Corp. sec. 83.

Various cases decided by this court have been cited by appellees' counsel, containing general expressions to the effect that an organization in fact and user under it are sufficient to show a corporation *de facto,* although there might have been irregularities or omissions, and that these could not be urged collaterally against the existence of the corporation, but only in a direct proceeding by *scire facias,* or by information in the nature of a *quo warranto.* But these cases, we conceive, have but an imperfect application here. Some of them were cases where special charters had been granted, and almost all were cases between the company and its stockholders. There is a manifest difference where a corporation is created by a special charter and there have been acts of user, and where individuals seek to form themselves into a corporation under the provisions of a general law. In the latter case, it is only in pursuance of the provisions of the statute for such purpose, that corporate existence can be acquired. And there would seem to be a distinction between the case where, in a suit between a corporation and a stockholder or other individual, the plea of *nul tiel corporation* is set up to defeat a liability which the one may have contracted with the other, and the case of a suit against individuals who claim exemption from individual liability, on the ground of their having become a corporation formed under the provisions of a general statute. In the latter case, a stricter measure of compliance with statutory requirements will be required, than in the former.

The most pertinent of these cases referred to in this court are *Cross* v. *Pinckneyville Mill Co.* 17 Ill. 54, and subsequent cases following it, where it was held, that, under the act of 1849, p. 87, the filing of the duplicate certificate of organization in the office of the Secretary of State, required by the first section of that act, was but directory, and the omission to so file it did not defeat the organization. But it was put up-

on the ground that, as the first section required the certificate to be filed in the office of the clerk of the county in which the business of the company was to be carried on, the filing of the duplicate in the office of the Secretary of State was regarded as a secondary object; and that that view was confirmed by the language of the second section, in declaring that "when *the certificate* shall have been filed as aforesaid," the persons signing, and their successors, "shall be a body politic and corporate in *fact* and in name." And it was there said: Whatever is expressly or impliedly required to be done as essential to bring the corporation into existence, must be done.

This court has never held that individuals could make themselves a corporation by the mere signing of articles of agreement. And in the language of Parsons on Partnership, p. 544, "we do not believe that a joint stock company, or any other partnership, can limit its own liabilities and become a corporation or limited partnership by its own act and without any regard to the formalities or requirements of the law;" and see *Stowe* v. *Flagg et al.* 72 Ill. 397.

The account sued on commenced March 2, 1871, and ended August 19, 1871.

Nothing had been done toward incorporation, except the signing of the articles of association, until July 8, 1871, when the articles were filed with the Secretary of State of Wisconsin. They may be regarded, perhaps, as substantially embracing the particulars required in the certificate. The greater portion of the indebtedness sued for had been contracted prior to that time.

The filing of the articles in the office of the city clerk of Milwaukee, in which place the business of the corporation was to be transacted, and the publication in the newspapers, did not take place until after August 19, 1871, when the whole indebtedness had been contracted.

We are of opinion the defendants were liable as partners, and had not absolved themselves from responsibility as such by having become a corporation.

The judgment will be reversed.          *Judgment reversed.*