KAISER v. LAWRENCE SAVINGS BANK ET AL.

1. **Corporation**: DEFECTIVE ORGANIZATION: LIABILITY OF STOCK-HOLDERS. An attempted incorporation of a savings bank under the laws of Kansas held so defective as not to secure to the stockholders exemption from personal liability for debts of the bank.

2. —: —: —. Where a stockholder claims exemption under the provisions of a general incorporation law, he must show that the association of which he is a member has sufficiently complied with the requirements of the law to become legally incorporated; an attempt to become incorporated, and the doing of business under a claim of incorporation, are not sufficient to create such exemption.

*Appeal from Muscatine District Court.*

SATURDAY, APRIL 23.

SERVICE in this case was made only upon the defendant Hoag. The plaintiff, in April, 1877, became a creditor of the Lawrence Savings Bank by reason of a deposit of money made by him in the bank, which bank was located and doing business in the city of Lawrence, Kansas. As such creditor he seeks to recover of the defendant Hoag, upon the ground that the Lawrence Savings Bank was a partnership or unincorporated company, and that Hoag was a member of it. Hoag does not deny his ownership, but denies that the Lawrence Savings Bank was an unincorporated company or partnership, and avers that the same was duly incorporated under the laws of Kansas, by reason whereof he was exempt from personal liability for the debts of the bank. There was a trial without a jury and judgment for the plaintiff. The defendant Hoag appeals.

*Hanna, Fitzgerald & Hughes,* for appellant.

*Hoffman, Pickler & Brown* and *L. M. Fisher,* for appellee.

ADAMS, CH. J.—The evidence tends to show that certain individuals attempted in good faith to become incorporated under the laws of Kansas for the purpose of doing business as a savings bank, and subscribed for shares in the supposed corporation. For several years they did business as a savings bank, under the supposition that they were duly incorporated. Prior to the time that plaintiff became a creditor of the bank, the defendant Hoag purchased an interest in the bank, and remained the owner of such interest from that time forward. The question presented is whether the shareholders so far complied with the incorporation laws of Kansas as to become incorporated and secure an exemption from individual liability, and if they did not strictly become incorporated whether the fact that they did business as a corporation, not only with the general public but with the plaintiff, was sufficient to secure to them exemption from individual liability.

*1. CORPORATION : defective organization : liability of stockholders.*

If the Lawrence Savings Bank became incorporated it did so under a general incorporation law, and not by reason of the grant of a special charter. The general incorporation law of Kansas constitutes chapter 23 of the statutes of Kansas. Section 8 provides that " the charter of an intended corporation must be subscribed by five or more persons, three of whom at least must be citizens of this State, and must be acknowledged by them before an officer duly authorized to take. acknowledgment of deeds." Section 9 provides that " such charter shall thereupon be filed in the office of the secretary of state."

A certificate of the secretary of state of the State of Kansas was introduced in evidence, showing what papers, and what only, had been filed in his office pertaining to the incorporation of the Lawrence Savings Bank. The certificate shows that there were filed in his office what are denominated articles of association. The statute requires that a charter shall be filed. We are inclined to think, however, that the fact that the paper filed is denominated articles of association

instead of a charter is not sufficient to invalidate it. We proceed, then, to inquire whether the paper complies with the statute in other respects, and we conclude that it does not. The statute requires that it shall be subscribed and acknowledged by five or more persons. The paper purporting to be articles of association is so informally drawn and executed that we cannot say that it is subscribed by any one. The paper consists of eight articles. The first six articles purport to be subscribed by twenty-three persons, but the seventh and eighth articles are not subscribed, and the seventh article is, under the statute, material. But if the articles had all been subscribed they would be fatally defective for want of acknowledgement by the subscribers, or a sufficient number thereof to comply with the statute.

The defendant, however, insists that neither a charter nor articles of incorporation are necessary to the incorporation of a savings bank. In § § 127, 128, 129 and 130 of the general incorporation law are provisions in relation to savings banks. Section 130 provides that "before any such corporation (a savings bank) shall commence business a majority of the shares thereof shall be subscribed for, and the entrance fee thereon shall be paid in, and the president and secretary thereof, under their hands and seals, shall make a certificate which shall specify, first, the corporate name of such association; second, the name of the city or town in which such corporation is to be located; third, the amount of capital stock and the number of shares into which the same shall be divided; fourth, the names and places of residence of the stockholders, and the number of shares held by each; fifth, the time when such incorporation was organized; which certificate shall be acknowledged before a notary public, and recorded in the registry of deeds for the county in which such corporation is to be located."

The defendant insists that the making and recording of such certificate constitutes the act of incorporation. But it seems to us otherwise. The making and recording of the

certificate is by the terms of the provision a condition precedent to the commencement of business. We see very little if anything to indicate that it is to be deemed the act of incorporation. The certificate is to be made by the president and secretary. Before it can be made, then, there must be a president and secretary. But there cannot be a president and secretary until such officers have been duly chosen by a body of persons who have become associated under an agreement to become incorporated under a law authorizing them to become incorporated. Now, the agreement, which must not only precede the making of the certificate, but the choice of the president and secretary, who are to make the certificate, it appears to us would more naturally be deemed the act of incorporation, and we see nothing in the incorporation laws of Kansas inconsistent with this view.

Again, the certificate must state the time when the corporation *was organized*. This to our minds implies quite clearly that before the certificate is made organization must have taken place. Now, if organization must precede the making of the certificate, such organization must be effected by compliance with § 8, and other sections pertaining to general incorporations, and as we have seen § 8 was not complied with.

There are two other considerations, either of which, it appears to us, is still more fatal to the defendant's theory of individual exemption.

If we were to suppose that incorporation could take place by the simple making and recording of a certificate by the president and secretary, we should fail to find incorporation in this case, because we fail to find such certificate as the law requires. We have set out above what the certificate must show. The certificate upon which the defendant relied is in these words: "We, Andrew Terry, President of the Lawrence Savings Bank, and John K. Rankin, Secretary of said bank, do hereby certify that 10 per cent of the capital stock

of said bank has been paid in." Not one of the five things required to be certified to is certified to.

The certificate, to be sure, as set out in the abstract, follows the so-called articles of association. It is possible that the certificate was indorsed upon or attached to the articles of association. If so, it may be that the parties thereto considered that the articles were adopted into and made part of the certificate. But it appears to us that we should not be justified in importing into the certificate something not referred to by it, and which seems to have been made for an entirely different purpose.

Again, if the certificate were in due form it would fail, we think, to create an exemption from individual liability, because no exemption from individual liability is provided specifically for stock-holders in savings banks, but for stock-holders in corporations in general, and in connection with the provision for the incorporation of associations by the adoption by the corporators of a charter or articles of association.

The defendant insists, however, that in order to establish the corporate existence of the Lawrence Savings Bank as against plaintiff it is sufficient to show authority to create the corporation, a *bona fide* attempt on the part of the corporators to become incorporated, and the doing of business as a corporation. In support of this proposition the defendant cites *The Buffalo & Alleghany Railroad Co. v. Carey*, 26 N. Y., 77. In that case the court said, "that if the papers filed are colorable, but so defective that, in a proceeding on the part of the State against it, it would for that reason be dissolved, yet by the acts of user under such organization it becomes a corporation *de facto*, and no advantage can be taken of such defect in its constitution collaterally by any person." Substantially the same doctrine was enunciated in *Kurtz v. The Paola Town Co.*, 20 Kansas, 403, and *Pope v. The Capital Bank*, 20 Kansas, 440. It should be observed, however, that in those cases the defendant set up a want of incorporation of the plaintiff and sought to escape

.liability upon that ground.    In the case at bar the defendant sets up exemption, averring that the attempt to become incorporated and the doing of business under a claim of incorporation were sufficient to create the exemption.

It will be seen at once that the principle involved in those cases is essentially different from that in the case at bar.

It is hardly necessary to say that where incorporation has once taken place no act of forfeiture can be set up in a collateral action, until forfeiture has been judicially declared in an action brought for that purpose.    See Angell & Ames on Corporations, Sec. 636, and cases cited.    But the principle involved in those cases is essentially different from that in the case at bar.

In *Humphrey v. Mooney*, 1 Colorado, 193, a creditor of an assumed corporation sought to hold a member as a partner. It was held that as his right of action was based upon an express contract with the assumed corporation he was estopped to deny that it was in fact a corporation.    The doctrine of that case is substantially that relied upon by the defendant. But it seems to us that it is not sustained by the weight of authority.    The court cited in support of the decision *Eaton v. Aspenwall*, 19 N. Y., 121, and *Buffalo v. Carey*, 26 N. Y., 77, but neither of the cases, it appears to us, is in point.

There may, indeed, be certain irregularities, or omissions to comply with provisions merely directory, which would be sufficient to sustain an action brought to declare a forfeiture, but insufficient to sustain a collateral action brought to enforce an individual liability of a member.    But where the attempt at incorporation is under a general law, and there is a non-comcompliance with the law in a material respect, there is, we think, such want of incorporation that exemption from individual liability is not secured.    In *Mokelumne Hill Mining Co. v. Woodbury*, 14 Cal., 424, the court said: " There is a broad and obvious distinction between such acts as are declared to be necessary steps in the process of incorporation, and such as required of the individuals seeking to become in-

corporated, but which are not made prerequisites to the assumption of corporate powers. In respect to the former, any material omission will be fatal to the existence of the corporation, and may be taken advantage of collaterally in any form in which the fact of incorporation can properly be called in question."

*Hurt v. Salisbury*, 55 Mo., 310, was an action brought upon a promissory note, purporting to be executed by the directors of the North Missouri Central District Stock, Agricultural and Mechanical Association. The action was brought against the directors upon the ground that the association was not incorporated at the time the note was given, and that the directors were, therefore, individually liable. It appeared that the association at the time the note was given was fully incorporated in every respect except that it had failed to file its articles of incorporation with the secretary of state, as the statute required. It was held that the directors were individually liable.

In *Bigelow v. Gregory et al.*, 73 Ill., 197, the defendants were held liable as partners for goods sold to an assumed corporation of which they were members. The defect in the incorporation consisted in a failure to file the articles of incorporation with the clerk of the city where the corporation was to transact its business. In that case the court said: "There is a manifest difference where a corporation is created by a special charter, and there have been acts of user, and where individuals seek to form themselves into a corporation under a general law. In the latter case it is only in pursuance of the provisions of the statute for such purpose that corporate existence can be acquired. And there would seem to be a distinction between a case where, in a suit between a corporation and a stock-holder or other individuals, the plea of *nul tiel corporation* is set up to defeat a liability which he may have contracted with the other, and the case of a suit against individuals who claimed exemption from individual liability on the ground of their having become a corporation

formed under the provisions of a general statute. In the latter case a stricter measure of compliance with statutory requirements will be required than in the former." This is a late decision, and seems to have been made with a full recognition of the authorities claimed to hold an adverse doctrine.

See, also, *Abbott v. Omaha Smelting Co.*, 4 Neb., 416, and *Harris v. McGregor*, 29 Cal., 125.

In our opinion, the proprietors of the Lawrence Savings Bank failed to become incorporated, and there was nothing in what they did or claimed which can properly be held as sufficient to secure them exemption from individual liability. The judgment, therefore, of the District Court must be

AFFIRMED.