New York National Exchange Bank of the City of New York v. Harry P. Crowell, Charles Class, Joseph R. Gibb, Charles H. Newell and Amos H. Evans, Copartners trading as Crowell & Class Cold Storage Company, Appellants.

*Partnership—Notice of dissolution—Liability for debts contracted after dissolution.*

Notice of the dissolution of partnership in a newspaper published in the city or county where the partnership business is carried on is of itself sufficient notice to all persons who have not had previous dealings with the partnership so as to relieve a withdrawing partner from liability for debts subsequently contracted in the name of the firm without his consent, express or implied: Watkinson v. Bank of Pennsylvania, 4 Whart. 482; Robinson v. Floyd et al., 159 Pa. 165.

*Corporations—Failure to record certificate—Personal liability of stockholders—Act of April 29, 1874.*

Failure to record a certificate of incorporation as required by the corporation act of April 29, 1874, P. L. 77, in the recorder's office of the county where the chief operations of the association are to be carried on, will render the incorporators personally liable to persons who deal with the association without knowledge of the incorporation: Guckert v. Hacke, 159 Pa. 303, followed.

*Corporations—Personal liability of stockholders—Creditors—Affidavit of defense—Promissory notes.*

In an action upon a promissory note against Crowell and Class and four others trading as the Crowell & Class Cold Storage Company, it appeared from the pleadings that Crowell and Class had been engaged in business as partners. In 1892, they presented to the governor a certificate of association, and applied for a charter. In April, 1892, letters patent were granted to the Crowell & Class Cold Storage Company. The certificate of incorporation was not recorded in the recorder's office until November 14, 1893. On September 5, 1893, the Crowell & Class Cold Storage Company gave the note in suit. Crowell and Class filed an affidavit of defense in which they denied their liability and averred that on February 14, 1893, they had resigned their offices in the corporation, and on the following day all their shares in the capital stock of the company were assigned to other persons, and that thenceforth neither of them had any interest in the company; that circulars were issued and sent to all persons dealing with the concern, stating that the deponents had no further connection with the business. It was not averred that any of the circulars were sent to the plaintiff, and it did not appear that plaintiff had any dealings with the concern prior to becoming the holder of the note in suit. *Held,* (1) that the affidavit of defense was insufficient; (2) that there was no merit in the contention that the name of Crowell & Class Cold Storage Company signed to the note was sufficient to put the plaintiff upon inquiry as to whether the maker was or was not incorporated.

Argued April 2, 1896. Appeal, No. 199, Jan. T., 1896, by defendants, from order of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 359, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note.

The plaintiff's statement of claim was as follows:

The plaintiff claims of the defendants the sum of $2,500, and the sum of $2.08, the cost of protest, together with interest on said sums from January 8, 1894, which is justly due and payable to the plaintiff by the defendants upon the cause of action whereof the following is a statement.

For several years before the giving of the note upon which this suit is brought, the defendants, Harry P. Crowell and Charles Class, as copartners, carried on the cold storage and general storage and warehouse business at their warehouse, 50 and 52 North Delaware avenue, Philadelphia, and traded as the Crowell & Class Cold Storage Company.

In April, 1892, the defendants, Harry P. Crowell, Charles Class, Job R. Gibb, Charles H. Newell and Amos H. Evans, presented to the governor of Pennsylvania a certificate of incorporation signed by them, asking for a charter for the Crowell & Class Cold Storage Company for the purpose of furnishing cold and general storage for produce, meats, fruits, and other articles of food and perishable merchandise, and the conducting of a general storage and warehouse business, the business to be transacted at Philadelphia. The defendants, Harry P. Crowell and Charles Class, by said certificate, each subscribed for six hundred and forty-seven shares of stock of the proposed corporation, and the defendants, Job R. Gibb, Charles H. Newell and Amos H. Evans, each subscribed for two shares of stock. The said business continued to be conducted at the defendants' warehouse, the said 50 and 52 North Delaware avenue, Philadelphia, from September 5, 1893, to January 8, 1894, and before and after those dates under the said firm name of the Crowell & Class Cold Storage Company. The said certificate of incorporation was not recorded in the office for the recording of deeds, etc., in and for the city and county of Philadelphia until November 14, 1893. On September 5, 1893, the defendants, at Philadelphia, before the recording of the said certificate of incorporation in the recorder's office at Philadelphia, gave their promissory note, whereof the following is a copy:

"$2,500.                    PHILADELPHIA, Sept. 5th, 1893.

"Four months after date we promise to pay to the order of ourselves—twenty-five hundred dollars at our warehouse 50–52 N. Dela. ave. without defalcation value received.

(Signed)  "THE CROWELL & CLASS COLD STORAGE CO.
                          "By CHARLES H. NEWELL, Treas.

(Indorsed)—
"THE CROWELL & CLASS COLD STORAGE CO.
                    "By CHARLES H. NEWELL, Treas."

and the defendants then and there indorsed the said note, and then and there caused the said note to be delivered to the plaintiff, and the plaintiff discounted the said note for value before maturity, and before the recording of the said certificate of incorporation in the recorder's office at Philadelphia, and the plaintiff became and was the holder of said note for value before maturity, and before the recording of the said certificate of incorporation in the recorder's office at Philadelphia, without knowledge or notice of any of the facts herein averred in reference to the presentation to the governor of Pennsylvania of the said certificate for a proposed incorporation, and without knowledge or notice of any attempt or intention upon the part of the defendants to form themselves into a corporation.

On November 14, 1893, after the defendants had made the said promissory note, and after they had indorsed it and caused it to be delivered to the plaintiff, and after the plaintiff had discounted said note for value without notice, the defendants had the said certificate of incorporation recorded, or caused or permitted it to be recorded in the office for the recording of deeds, etc., in and for the city and county of Philadelphia, in charter book No. 19, page 314.

When the said note became due, to wit, on January 8, 1894, it was duly presented for payment at the defendants' warehouse, 50 and 52 North Delaware avenue, Philadelphia, and payment of the same duly demanded of a proper person according to the tenor of said note, and payment was refused, of all of which the defendants, on January 8, 1894, had due notice, and the note was duly protested on January 8, 1894, for nonpayment. And the defendants thereupon became liable to pay to the plaintiff the said sums of money with interest as aforesaid, but the defendants have failed to pay said sums or any part thereof.

The affidavit of defense was as follows :

Harry F. Crowell and Charles Class, two of the defendants, being duly sworn, say that they have a just and legal defense to the whole of the plaintiff's claim, as set forth in the statement filed as follows :

They did not, at the time of the giving, or of the receiving, of the said note in suit, transact business as the Crowell & Class Cold Storage Company, either alone or in connection with the other defendants ; the said note was not given by or for them,

or with their concurrence, or in any business with which they were then connected ; nor did they receive the consideration thereof.    They were not copartners with the other defendants.

Prior to April, 1892, these two defendants did transact business together, but not in connection with the other defendants, and not under the name of Crowell & Class Cold Storage Company, but under the firm name of Crowell & Class.    In the early part of 1892, they agreed with certain persons to sell to them their business, and with a view to the said sale, and at the instance of the purchasers, they applied for a charter as a corporation under the corporation act of 1874 and its supplements.    The certificate was duly approved according to said act, and was duly enrolled on April 25, 1892, in the secretary's office in Harrisburg, in charter book No. 36, page 170, and letters patent were issued by the governor incorporating the said company.

A meeting of the board of directors was held on February 14, 1893, at which arrangements were made to complete the sale of the business to the said purchasers ; and at said meeting, these deponents having resigned their offices which they had previously held, their successors were duly elected; and on the 15th day of the same month—February, 1893—all their shares in the capital stock of the said company were duly assigned on the books of the company to the purchasers, and from thenceforth neither of these deponents has ever had any interest in the said company, or the capital stock thereof, or in its business, assets or profits.    Circulars were issued and sent to all persons dealing with the concern, stating that these deponents had no further connection with said business.    All of this occurred long before the giving of the promissory note now sued on.   Wherefore deponents say that even if said corporation were incomplete, and if plaintiff had no knowledge or notice thereof, and if it dealt with the company as a private partnership, then they, the said deponents, had no connection therewith, and their credit was not in anywise pledged to plaintiff, and said plaintiff did not deal with them or either of them, or on their credit.    Wherefore they are not liable to plaintiff for the amount of said note.

And deponents further say that said note appears on its face to be the note of a company which executes the same by and

through its treasurer, and they therefore say that it is not true, as alleged, that said plaintiff had no knowledge or notice of any attempt or intention on the part of the persons interested in said company to form themselves into a corporation; and deponents are advised that plaintiff, having dealt with said makers of the note on the basis of a corporation, cannot now set up the alleged informality in failing to record the certificate as set forth, notwithstanding the issue of said letters patent.   These deponents, not being connected with the defendant company, have no knowledge respecting the giving of the said note or the circumstances under which it was given to plaintiff; and for all that appears it was received by plaintiff directly from the officers of the company.   All of which these deponents expect to be able to prove on the trial of the said case.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*J. H. Gendell* and *John G. Johnson*, with them *A. J. Kelly*, for appellants.—It seems extraordinary that the statute should provide that where letters patent issue under the seal of the state, and are signed by the governor, not only purporting to create a corporation, but which that same statute directs shall incorporate the parties in fact and in law, those letters should have no such effect at all; and if the question were an open one we should press the view that the failure to record is a mere irregularity, harming no one.   A recording had taken place in Harrisburg which was open to all inquirers, and the corporation is mentioned in the list of corporations in the supplement to the pamphlet laws issued after the next session of the legislature.

In Guckert v. Hacke, 159 Pa. 303, it was, however, decided that the record in the local county is also so far necessary that where a person is directly contracting with a manager of the company, without any knowledge of the existence of the corporation, the individual members are liable to him in case of the failure to record.   But this case further distinctly rules " that had plaintiff dealt with defendants as a corporation he would have been estopped from claiming against them in any other capacity, even though they failed to record their charter."

The note in question was not only made in a name which naturally, although not necessarily, pertains to· a corporation, but is further not only signed but also indorsed in the name of the corporation, " By Charles H. Newell, Treas."

It is suggested that the record of the certificate of organization is closely analogous to the record of an original deed of conveyance.   The deed is perfectly good between the parties and against all persons having notice, either actual or constructive; and constructive notice is that which is sufficint to put them upon inquiry.

Even if judgment was. properly entered against Mr. Newell, who signed the instrument, and whose name appears upon it, and who thus gave credit to it, why should persons be charged who not only had not at the time, but who never had had any connection with the business of the corporation : Deford v. Reynolds, 36 Pa. 325.

*Hood Gilpin*, with him *Ray W. Jones*, for appellee.—There is certainly nothing in the name Crowell & Class Cold Storage Company under which the business was conducted which should have put the plaintiff upon inquiry : Guckert v. Hacke, 159 Pa. 303 ; Eliot v. Himrod, 108 Pa. 569.

Incorporators who transact business upon the strength of an organization which is materially defective are individually liable as partners, and failure to record the certificate of incorporation at Philadelphia is such a material defect: Guckert v. Hacke, 159 Pa. 303.

The rule of Spahr v. Farmers' Bank, 94 Pa. 429 ; West Harrisburg Loan & Building Association v. Morganthal, 2 Pearson, 343 (common pleas), cited by the appellants, and kindred cases, is that in a suit brought upon an evidence of debt by or against a corporation de facto, the corporate existence and ability to contract cannot be questioned as a means of defense.   In other words, the cases are ruled by the doctrine of estoppel.   But there is no element of estoppel here, and the rule has therefore no application.

It is Harry P. Crowell and Charles Class who assert that the company is a corporation.   They must therefore produce the statute under which they claim exemption from personal liability, and they must show that all of its material provisions

have been substantially followed. This they do not do: Lasher v. Stimson, 145 Pa. 30; Childs v. Smith, 55 Barb. 45; Smith v. Warden, 86 Mo. 382; Abbott v. Smelting Co., 4 Neb. 416; Jones v. Aspen Hardware Co., 29 Lawyer's Rep. Anno. 143; Doyle v. Mizner, 42 Mich. 332.

Where a member of a copartnership retires therefrom and wishes to shield himself from liability for further debts of the firm, it is necessary that personal notice of his withdrawal be given to all who have had dealings with the firm, and that notice be given to all others by publication of the dissolution in one or more newspapers printed in the city where the partnership business is carried on: Watkinson v. Bank, 4 Whart. 482; Clark v. Fletcher, 96 Pa. 416; Scott's App., 159 Pa. 165.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 5, 1896:

This suit, against Harry P. Crowell and four others trading as the Crowell & Class Cold Storage Co., was brought to recover the principal, interest, etc., of a note for $2,500, at four months from September 5, 1893, made by said company to its own order and by it indorsed, etc.

One of the defendants was not served. Two of the others filed no affidavit and judgment by default was taken against them. The remaining two—appellants in this case—filed an affidavit, which was adjudged insufficient, and judgment was accordingly entered against them. It is claimed that in so doing the court below erred. That question must be determined by the averments contained in the statement of claim and affidavit of defense. Without referring in detail to the former, it is sufficient to say that they present a clear prima facie case against the defendants; and, unless some good ground of defense is presented in appellants' affidavit, there was no error in entering judgment against them for want of a sufficient affidavit of defense.

While their affidavit contains a general denial of liability and undertakes to traverse or qualify some of plaintiff's averments, it is not denied that for several years prior to giving the note in suit, appellants, Harry P. Crowell and Charles Class as copartners, carried on the cold storage and general storage and warehouse business at their warehouse 50 and 52 North Delaware avenue, Philadelphia; that in the spring of 1892 they

N. Y., ETC., BANK *v.* CROWELL et al. Appellants. 321

1896.]                    Opinion of the Court.

signed and presented to the governor a certificate of association and applied for a charter of incorporation as the Crowell & Class Cold Storage Company for the purpose of transacting the same general business at same warehouse. In that certificate, it appears that appellants each subscribed for six hundred and forty-seven shares of the stock of the proposed corporation, and their codefendants in this suit, Charles H. Newell, J. R. Gibb and Amos H. Evans, each subscribed for two shares of said stock. The business aforesaid was continued at same place from September 5, 1893, to January 9, 1894, and before and after these dates, in the name of the Crowell & Class Storage Company, but, notwithstanding letters patent were issued to the subscribers to said stock in April, 1892, the certificate of incorporation was not recorded in the office for recording deeds in the city and county of Philadelphia until November 14, 1893, more than two months after the note in suit was given.

In the statement it is averred among other things that the defendants, after making and indorsing the note in suit as aforesaid, caused it to be delivered to plaintiff bank by which the same was thereupon discounted for value, before maturity and before the recording of the certificate in said recorder's office; that plaintiff bank became and was the holder of said note for value, before maturity and before the recording of said certificate, without knowledge or notice of any of the facts therein averred in reference to the presentation of said application to the governor of Pennsylvania for a proposed corporation, and without knowledge or notice of any attempt or intention on the part of the defendants to form themselves into a corporation.

These and other material averments, in support of plaintiff's claim, are either substantially admitted or not sufficiently traversed or denied in the affidavit of defense. In that part of their affidavit referring to the meeting of the board of directors of the proposed corporation on February 14, 1893, etc., appellants virtually admit that theretofore they were interested in the association both as shareholders and officeholders therein, and say: "at said meeting these deponents having resigned their offices which they had previously held, their successors were duly elected," and, on the following day, "all their shares in the capital stock of said company were duly assigned on the books of the company to the purchasers, and from thenceforth

neither of these deponents has had any interest in the said company or the capital stock thereof, or in its business, assets or profits. Circulars were issued and sent to all persons dealing with the concern, stating that these deponents had no further connection with said business."

It will be noted that this was nearly ten months after the certificate of association as previously averred "was duly approved, . . . . enrolled . . . . in the secretary's office in Harrisburg, . . . . and letters patent were issued," etc., and nine months before the certificate was recorded in the recorder's office of the county in which the chief operations of the intended corporation were carried on.

We find nothing in the affidavit of defense that can have the effect of relieving appellants and their associates from liability as partners to the plaintiff bank. It is not averred that any of the "circulars," alleged to have been "issued and sent to all persons dealing with the concern," were either sent to or received by the plaintiff, for it does not appear that plaintiff had any dealings with "the concern" prior to becoming the holder of the note in suit. The well settled rule is that notice of the dissolution of a partnership given in a newspaper, printed in the city or county where the partnership business is carried on, is of itself sufficient notice to all persons who have not had previous dealings with the partnership, so as to relieve a withdrawing partner from liability for debts subsequently contracted in the name of the firm without his consent express or implied: Watkinson v. Bank of Pennsylvania, 4 Whart. 482; Robinson v. Floyd et al., 159 Pa. 165.

There is no merit in the contention that the name of Crowell & Class Cold Storage Company, and the form in which the note is signed, etc., were sufficient to put the plaintiff bank upon inquiry, and that due prosecution of that inquiry would have disclosed the fact that the maker of the note was an incorporated association and not a partnership, and that appellants, who had previously been shareholders therein, had transferred their stock and withdrawn therefrom in February 1893. Such business names are perhaps as commonly used at present by unincorporated associations, partnerships and individuals as by corporations. The forms and methods of business corporations are frequently adopted by unincorporated associations, partner-

ships, etc., and their business conducted by a president, cashier, etc.: Scott's Appeal, 159 Pa. 165. There is nothing in the case to justify the conclusion that plaintiff had notice express or implied that the maker of the note was a corporation: In fact, the final act necessary to complete the incorporation of the association was not performed until two months and nine days after the note was made and indorsed. As we have already seen, it is positively averred in the statement that plaintiff became the holder of the note for value without knowledge or notice of any attempt or intention on the part of the defendants to form themselves into a corporation.

As to recording the certificate of incorporation, it was held in Guckert v. Hacke et al., 159 Pa. 303, that failure to record it, as required by the act, in the recorder's office of the county where the association's chief operations are to be carried on, will render the incorporators personally liable to persons who deal with the association without knowledge of the incorporation. As was there said, " One of the purposes of the act being exemption from personal liability in the transation of business, it was obviously material that the public should have notice, and notice by record was accordingly prescribed. Failure to record was failure to comply with one of the express conditions of incorporation and consequently of exemption from liability." Our purpose is to adhere to that position.

Without further elaboration, we are satisfied the learned court was right in holding that the affidavit of defense was insufficient.

Judgment affirmed.