# Commonwealth, Appellant, *v.* Samuel M. Zacharias.

*Criminal law—Druggists—Certified pharmacists—Acts of May* 24, 1887, *and June* 16, 1891.

On an indictment for violating the provisions of the Act of June 16, 1891, P. L. 313, amending the Act of May 24, 1887, P. L. 190, relating to the carrying on of the retail drug business, a special verdict found that the defendant was a part owner in three drug stores and received part of the profits made by them; that he employed registered pharmacists to sell the drugs and put up the prescriptions, and that he, who was not a registered pharmacist or assistant, sold no drugs and compounded no prescriptions. *Held,* that the special verdict was insufficient to support a verdict of guilty, because (1) the special verdict did not find that the defendant was engaged in carrying on any retail drug store in any capacity, and (2) it did not find that the defendant was conducting a drug store " as manager."

*Criminal law—Presumption of innocence.*

In a criminal case where a special verdict fails to find facts which are necessary to support a conviction, such facts cannot be assumed. In such a case the presumption of innocence protects the defendant.

*Druggists—Management of drug store—Act of June* 16, 1891—*Public protection.*

The purpose of the act of June 16, 1891, is to protect the public by requiring of one who manages a retail drug store an adequate knowledge of the powerful medicines he deals out to customers. It is the " management " of a retail drug store that the statute seeks to regulate. A passive part ownership is not prohibited by the act.

*Druggists—Act of June* 16, 1891—*Police power—Unconstitutionality of exception of administrator and widow.*

It seems that while the general scope and provisions of the act of June 16, 1891 are within a proper exercise of the police power, the exception in the act discriminating in favor of the administrator or widow of a deceased pharmacist would seem to be unconstitutional but the question is not necessarily raised in this case.

Argued March 29, 1897.    Appeal, No. 48, Jan. T., 1897, by plaintiff, from judgment of Superior Court, Nov. T., 1896, No. 124, reversing judgment of Q. S., Phila. Co., on verdict of guilty.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOL-LUM and FELL, JJ.    Affirmed.

Indictment for engaging in business of druggist without being registered.    The case was reported in 3 Pa. Superior Ct. 264, where the facts are stated.

*Error assigned* was in reversing the judgment of the court of quarter sessions.

*J. Campbell Lancaster*, with him *Samuel A. Boyle* and *Geo. S. Graham*, district attorney, for appellant.—That the object of the legislature in passing the act of 1891 was to rectify an error or oversight in the act of 1887 is clear, because the whole spirit of the act of 1887 was aimed to prevent proprietors as well as managers from engaging in the business, as may be seen by a reference to the different sections.

It would seem that a man who buys the stock, employs the clerks and receives the profits is engaged in the business.    That this construction is neither strained nor unusual may be conceived from a consideration of cases of other states construing similar acts : State v. Norton, 67 Iowa, 641 ; People v. Rontey, 4 N. Y. Supp. 235 ; State v. Forcier, 65 N. H. 42 ; Pharmaceutical Society v. London & Provincial Supply Association, L. R., 4 Q. B. D. 313.

Legislation regulating the drug trade is a proper exercise of the police power: Dent v. West Virginia, 129 U. S. 114 ; Smith v. Alabama, 124 U. S. 465 ; Railway v. Alabama, 128 U. S. 96 ; Munn v. Illinois, 94 U. S. 113 ; Mugler v. Kansas, 123 U. S. 623 ; Beer Co. v. Mass., 97 U. S. 25 ; Powell v. Com., 114 Pa. 265 ; Slaughter House Cases, 16 Wall. 36 ; State v. Donaldson, 41 Minn. 74 ; Com. v. Muir, 1 Pa. Superior Ct. 578 ; Sayre Boro. v. Phillips, 148 Pa. 488 ; Rothermel v. Meyerle, 136 Pa. 250 ; Sharpless v. Phila. 21 Pa. 147.

*Charles E. Pancoast* and *John G. Johnson*, for appellee.—To sustain this appeal appellant must establish two propositions :

(1) that the facts found constitute a misdemeanor, and (2) that the acts of 1887 and 1891 are constitutional.

Com. v. Johnson, 144 Pa. 377, decides that a part owner who employs and pays a registered pharmacist to compound and sell but does not himself compound and sell, is not a manager, nor is he within sec. 6 of the act of 1887, and that even if this were "engaging in business," etc., under sec. 1, there could be no conviction for want of a penalty.

The Act of 1891, P. L. 313 re-enacted sec. 1 of the act of 1887, adding the exception and penalty.

The "engaging in the business," etc., forbidden, is as manager. If it is not so qualified then, while under the first clause of the sentence an owner (such as Johnson, or the defendant, Zacharias here) might lawfully open and carry on a retail drug store as owner merely, yet under the second clause of the sentence he would find himself as owner forbidden to do this very thing, viz., engage in the business of selling at retail any drugs, etc. Thus this construction strikes the qualifying words "as manager" entirely out of the section and gives them no force even in the first clause. The amendment was probably suggested by a careless misunderstanding of Commonwealth v. Johnson. That the amendment is careless at best, is shown by the fact that it makes the penalty even for an unregistered manager only a fine, whereas sec. 6 of the same act, unrepealed, provides imprisonment also, thus forbidding the same thing twice under different penalties, which appellant says cannot be supposed of the legislature. Where the words of a criminal statute, which must be construed strictly, have plainly defined a crime, it should not be extended by implication, to include as a crime another act not plainly within its terms and not within its purpose.

If these acts should be construed as prohibiting ownership, and such prohibition regarded as constitutional, the act of 1891, which alone imposes a penalty, is still unconstitutional because of the exception: Com. v. Vrooman, 164 Pa. 306 ; Sayre Boro. v. Phillips, 148 Pa. 482 ; Shamokin Boro. v. Flannigan, 156 Pa. 43 ; Millerstown v. Bell, 123 Pa. 151 ; Welton v. Missouri, 91 U. S. 275 ; Yick Wo v. Hopkins, 118 U. S. 356 ; State ex rel. v. Sheriff, 51 N. W. Rep. 112 ; Lerisee v. Shreveport City R. R. Co., 27 La. Ann. 641 ; State v. Goodwill, 10 S. E. Rep.

285; Jacob's Application, 98 N. Y. 98; Com. v. Gardner, 133 Pa. 284.

In Com. v. Muir, 1 Pa. Superior Ct. 578, cited by appellant, not all lodging-houses, but only those charging twenty-five cents or less, that is for the poorest class, were considered dangerous and as requiring police regulation.

In the Slaughter-House Cases, 16 Wall. 36, cited by appellant, an offensive trade was limited to a particular place, but all butchers could go there and slaughter. Com. v. Vrooman, 164 Pa. 306, cited by appellant, was distinctly rested on the ground that the qualification for issuing insurance policies (viz: incorporation), was a reasonable regulation, directly relating to the public safety, and was open to all alike and required of all alike.

In State v. Donaldson, 41 Minn. 74, cited by appellant, the exception permitting a grocer, etc., more than a mile from the nearest drug store to sell medicine put up by a registered pharmacist, was sustained on the ground of necessity, and as evidently for public safety in emergencies.

OPINION BY MR. JUSTICE WILLIAMS, April 26, 1897 :

This was a proceeding by indictment in the quarter sessions. The defendant was charged with a misdemeanor. The duty of proving the guilt of the defendant under the provisions of the act of June 16, 1891, was on the commonwealth, and the defendant entered upon his trial clothed with the presumption of innocence. In criminal proceedings, the presumptions continue to favor the defendant, while guilt must be shown by competent evidence. What was shown in this case appears by the special verdict which presents the facts on which the defendant was held guilty. By turning to the statute we can at once determine the sufficiency of the special verdict. The statute forbids any person to " open or carry on, as manager," in the state of Pennsylvania, any retail drug or chemical store, or to be engaged in the business of compounding or dispensing medicines, without having obtained a certificate of competency and qualification so to do, from " the state Pharmaceutical Examining Board, and having been duly registered as herein provided." The special finding of facts is defective in at least two particulars. It does not find that the defendant was engaged in carrying on any retail drug store in any capacity. It is the retail

drug store alone that the statute is directed against. Again, the verdict does not ascertain that the defendant was conducting a drug store "as manager." Yet it is the "management" of the drug store that the statute seeks to regulate. The obvious purpose of the statute is to protect the public by requiring of one who manages such a business an adequate knowledge of the powerful medicines he deals out to customers. All that the special verdict finds against the defendant to justify his conviction is that he was a part owner in three drug stores, and received part of the profits made by them ; that he employed registered pharmacists to sell the drugs and put up the prescriptions, and that he, who was not a registered pharmacist or assistant, sold no drugs and compounded no prescriptions. Whether he has any actual contact with the business, exercised any control as manager over it or any supervision over the purchases made for it does not appear. In the absence of proof the contrary is to be assumed. It is thus apparent that the verdict of guilty cannot be supported by the special verdict and must fall. This case is ruled by Com. v. Johnson, 144 Pa. 377. The constitutional question raised over the exception in behalf of the widows, administrators and executors of registered pharmacists is not necessarily involved in this case. The general scope and provisions of the act of June 16, 1891 are within a proper exercise of the police power. Their object is the protection of the public health. The requirement that one conducting such a trade should have such chemical and pharmaceutical knowledge as to qualify him to handle intelligently the dangerous commodities in which he deals is reasonable. It can be supported without regard to the exception which is a repeal pro tanto of the prohibition which it was the purpose of the statute to make. The exception makes a discrimination between equally unqualified parties, giving to one exemption from the operation of a rule enforced against the other. This is not protection to the public ; but rank injustice to individuals. There is no more reason why the administrator or widow of a pharmacist should be permitted to manage a business of which he or she knows nothing than why any other administrator or widow should be allowed to do so. If the reason of the exception is sympathy for a widow then all widows are prima facie equally entitled to sympathy and have the same reason to claim exemp-

tion from the operation of the law. The exception would seem to fall squarely under the rule laid down in Sayre Boro. v. Phillips, 148 Pa. 488. It is a discrimination made between those who are equal under the law. It is an arbitrary gift to one, and an arbitrary denial to another, which cannot be upheld. It declares that all widows except the widow of a pharmacist shall be subject to the prohibition of the statute. All administrators and executors except they represent the estate of a deceased registered pharmacist shall be within the prohibition. They must show their qualifications to conduct the trade, or retire from it. If, however, the deceased proprietor was competent under the law, his widow, administrator or executor, may conduct the business, no matter how grossly incompetent he or she may be. But this question is not before us in this case. The assignments of error to the judgment of the Superior Court are not sustained, and the judgment of the court is now affirmed.