### MANDEVILLE v. COURTWRIGHT et al.

(Circuit Court, E. D. Pennsylvania. December 30, 1903.)

No. 85.

**1. CORPORATIONS—CONDUCTING UNAUTHORIZED BUSINESS—LIABILITY OF STOCK-HOLDERS FOR TORTS.**

The fact that a corporation is engaged in a business which it has no lawful right to carry on does not render its stockholders liable as partners for torts committed by its servants or agents in the conduct of such business.

At Law. On motion by defendant for verdict notwithstanding the verdict.

C. L. Smyth and Russell Duane, for plaintiff.

A. B. Repetto, John H. Fow, and E. A. Anderson, for defendants.

DALLAS, Circuit Judge. The Alba Dentists Company was duly incorporated under the law of New Jersey. It practiced dentistry in Pennsylvania. The plaintiff insists that it had no right to do this, because (as she contends) its charter did not authorize it, and the Pennsylvania statute of July 9, 1897 (P. L. 206), prohibited it. Neither of these contentions is unquestionably correct. As to the first, see Lindsay & Phelps Co. v. Mullen, 176 U. S. 136, 20 Sup. Ct. 325, 44 L. Ed. 400; Malone v. Lancaster Co., 182 Pa. 309, 37 Atl. 932; Moxie Co. v. Baumbach (C. C.) 32 Fed. 209. As to the second, see Com. v. Johnson, 144 Pa. 377, 22 Atl. 703; Com. v. Zacharias, 181 Pa. 130, 37 Atl. 185; Contas v. Bradford, 206 Pa. 295, 55 Atl. 989. But that this case may be determined, as I purpose to determine it, upon the main and ultimate proposition relied upon by the plaintiff to support her alleged right of action against these defendants, I will assume, without deciding, that the Alba Dentists Company, in practicing dentistry, exceeded the powers conferred upon it by the state of New Jersey, and that by its pursuit of that calling in Pennsylvania it violated the law of that commonwealth. The determinative proposition to which I have referred is:

"Since the charter of the Alba Dentists Company conferred no authority to practice the profession of dentistry in Pennsylvania, it follows that the stockholders of said company are liable as partners for the consequences of any tort committed by the servants of the company in the practice of dentistry upon the plaintiff."

The conclusively established facts with reference to which this proposition is to be considered may be briefly stated. The allegation of the plaintiff that the several defendants were stockholders in the Alba Dentists Company was maintained by proof, except only as to Hannah Courtwright, and leave was granted to amend by striking out her name as a party defendant, but thereupon the motion which had been made to that end was withdrawn, and plaintiff's counsel, in lieu thereof, asked the jury not to find a verdict against her. She was accordingly excluded from the verdict which was rendered against the other defendants collectively. It is not necessary to state in detail the extent of their respective holdings, or knowledge of, or interference in, the business of the corporation. Some held but one share of its stock; others more. Some participated in the direction of its affairs; others knew little or nothing about them. But, as I have said, these matters are unimportant, for the plaintiff's cause of action, as set forth in her declaration, and as developed upon the trial, was distinctly and wholly rested upon the proposition presently to be dealt with "that the stockholders of said company are liable as partners" for the injury which she suffered, and which this suit was brought to redress. That injury was caused by the erroneous and improper performance of a dental operation by a person who was neither entitled nor competent to practice the profession of dentistry. This action, however, is not against that person, nor against the Alba Dentists Company, for which, as matter of fact, he was acting. It is against the stockholders of that company, and is based wholly upon the theory that, because it engaged in a business which it could not lawfully pursue, they, as matter of law, became liable as partners for every tort

which, in the course of that business, its agents might commit. In my opinion, this theory is unsound. It conflicts with the fundamental concept of a corporation, as being an artificial person quite distinct from the natural persons who compose it (Black v. Supreme Council [C. C.] 120 Fed. 582, and Supreme Council v. Black [C. C. A.] 123 Fed. 650) ; and I am not aware of any decision of the Supreme Court of the United States which lends it any support. The judgment in Sun Insurance Co. v. Kountz Line, 122 U. S. 583, 7 Sup. Ct. 1278, 30 L. Ed. 1137, to which the learned counsel of plaintiff has directed my attention, does not do so. There was no attempt in that case to hold the stockholders of a corporation liable for a tort committed by it, upon the ground that it was conducting a business in contravention of law. On the contrary, the corporation there involved was doing a perfectly lawful business, and it was because certain other companies had made it their "common agent, * * * fully authorized to represent them, and each of them, in respect to matters connected with such business," that those companies were held jointly liable for a loss occasioned by it.

The Alba Dentists Company undoubtedly derived from the state of New Jersey a valid franchise to exist as a corporation; and, as a corporation, it lawfully came into the state of Pennsylvania. Whethe rightfully or not, it was that corporation, and not its stockholders, which was doing the business in the conduct of which the plaintiff was injured. That she did not know that she was dealing with a corporation is, under the circumstances of this case, unimportant. She at least knew that she was putting herself in the hands of a combination of dentists. She supposed, as she testified, that she was dealing with "good dentists, licensed dentists." In fact, her direct dealing wa with several persons. Dr. Smyth made the contract with her, and extracted her teeth; Mr. Solomon manufactured the false teeth which were intended for her use; and Dr. Powell was consulted. These persons, as she must have understood, were either principals in the association of "Alba Dentists," or were its agents or servants, and whether it was incorporated or not she did not inquire. It is true that the principal for whom they were really acting (the Alba Dentists Company) was undisclosed, and it may be that, therefore, for any wrong done to her, she was entitled to hold the culpable agents themselves responsible; but that they were actually authorized to represent these defendants has not been and could not be asserted. Kroeger v. Pitcairn, 101 Pa. 311, 47 Am. Rep. 718; Lasher v. Stimson, 145 Pa. 30, 23 Atl. 552; Linkauf v. Lombard, 137 N. Y. 417, 33 N. E. 472, 20 L. R. A. 48, 33 Am. St. Rep. 743; Preston v. Foellinger (C. C.) 24 Fed. 680. Certain it is that they did not hold themselves out as partners, or so conduct themselves as to lead her to believe that they were partners, and it is equally manifest that she did not suppose that they were. She admitted that she did not even know of the existence of any of them, except Dr. Powell; and the evidence plainly shows that she did not at all concern herself about the identity of the person or persons—artificial or natural—who would be responsible to her in case she should suffer harm. Sun Insurance Co. v. Kountz Line, supra.

As I have said, no case of controlling authority lends any support to·

the position of the plaintiff, and careful investigation of the other cases cited on her behalf has failed to convince me that this court should sustain it. In Re Mendenhall, Fed. Cas. No. 9,425, it was held that there was no "legal corporate existence," that there was "no existing corporation de jure or de facto"; and it was on this ground that it was held that its individual members could not escape pecuniary responsibility "by taking refuge behind any supposed privilege or sanctity conferred by its efforts to become a corporation." To the same effect are the judgments in the cases of Owen v. Shepard, 59 Fed. 748, 8 C. C. A. 244, and Davis v. Stevens (D. C.) 104 Fed. 237. In the first of these, the decision went upon the ground that the defendants had not furnished proper evidence that the corporation alleged ever had any legal existence; and in the second it was said, "The limitation of the doctrine that the validity of corporate existence cannot be litigated collaterally is that, where there is no law under which a corporation might exist, then the validity of corporate existence may be attacked collaterally;" and Thompson on Corporations was quoted for the statement that:

"We must not get too far away from the primal proposition that the Legislature alone can create a corporation, and that a collection of individuals cannot make themselves a corporation by merely resolving to be such, or calling themselves such. The three tailors of Tooley street did not make themselves the people of England by passing a resolution in which they styled themselves such. There must be some basis for the operation of the rule, and accordingly we find a better statement of it in the proposition that where a corporation exists de facto, and in fact exercises corporate powers, the question whether it exercises such powers lawfully cannot be litigated in a collateral proceeding between private parties, or between a private party and the corporation. The question can only be litigated between the corporation and the state."

Guckert v. Hacke, 159 Pa. 306, 28 Atl. 249, went upon the ground that an essential to the creation of the corporation, and therefore corporate existence, was lacking. N. Y. Bank v. Crowell, 177 Pa. 313, 35 Atl. 613, was similar to the case last cited, and was decided upon its authority; the court saying, with reference to it, "Our purpose is to adhere to that decision." Heyer v. Piano Co., 6 Pa. Super. Ct. 504, sheds no light upon the subject under consideration. Whether the name "Alba Dentists Company" necessarily designates a corporation is not the question. It may be conceded that it might be used to designate a partnership. In Bosshardt v. Oil Company, 171 Pa. 109, 32 Atl. 1120, the court below appears to have doubted whether or not an executory contract which was ultra vires on the part of the plaintiff company could be enforced by it, and upon that subject the opinion of the Supreme Court is silent. But no such point is presented in this case. Hill v. Beach, 12 N. J. Eq. 31, and Wonderly v. Booth, 36 N. J. Law, 251, are obviously inapplicable. They are referred to in Cook on Corporations, § 238, thus:

"In New Jersey, at an early day, it was held that a corporation could not become incorporated under the laws of New York for the purpose of carrying on all its corporate transactions in the state of New Jersey. The stockholders were held to be merely partners. Likewise it was held that, where a corporation was incorporated to do business in a certain city in the state, but actually did all its business in another city of that state, the incorporation

was a fraud upon the law, and the company was the same as though unincorporated. Wonderly v. Booth (1873) 36 N. J. Law 250; Kruse v. Dusenbury (N. Y. City Ct. 1884) 19 N. Y. Wkly. Dig. 201; Merrick v. Van Santvoord (1866) 34 N. Y. 208; Coler v. Tacoma, etc., Co. (N. J. Ch. 1902) 53 Atl. 680. * * * In these days, however, when New Jersey is the favorite resort for the class of corporations now under consideration, the laws of that state having been framed expressly for the purpose of attracting them, it is not at all probable that the old decisions in that state on this subject would be adhered to. Stockton v. American, etc., Co. (1896) 55 N. J. Eq. 352, 36 Atl. 971; Erie Ry. v. State (1864) 31 N. J. Law, 531, 544, 86 Am. Dec. 226."

The other cases referred to in the plaintiff's brief are McGrew v. City Produce Exchange, 85 Tenn. 572, 4 S. W. 38, 4 Am. St. Rep. 771; Vredenburg et al. v. Behan et al., 33 La. Ann. 627; Lehman v. Knapp, 48 La. Ann. 1148, 20 South. 674; Cleaton v. Emory et al., 49 Mo. App. 345; Kaiser v. Lawrence Savings Bank, 56 Iowa, 104, 8 N. W. 772, 41 Am. Rep. 85; Bigelow v. Gregory et al., 73 Ill. 197; Eaton v. Walker, 76 Mich. 579, 43 N. W. 638, 6 L. R. A. 102; Empire Mills v. Alston Grocery Co. (Tex. App.) 15 S. W. 200. Upon careful examination of the decisions in these cases, I do not find it necessary to question the correctness of any of them. In some it was held that the corporation set up had not been legally created, and in others that the corporation was a mere pretense or fraud. But in the present case it does not appear that the Alba Dentists Company was fraudulently incorporated, or was created to serve as a shield to protect the defendants from the consequences of the unlawful practice of dentistry by them. On the contrary, the plaintiff's position is that the charter of the Alba Company did not confer the right to practice that profession, and, consequently, all that can be said is that the corporation itself did that for which, no doubt, it could be held responsible. Christian Union v. Yount, 101 U. S. 356, 25 L. Ed. 888; Hagerman v. The Empire Company, 10 Wkly. Notes Cas. 492. But I have not been persuaded that by its wrongdoing the relation of partners was thrust upon its stockholders.

The defendants' motion for judgment in their favor notwithstanding the verdict is granted, and such judgment will accordingly be entered. The motion for a new trial need not be considered.