## Shamokin Borough, Appellant, *v.* Flannigan.

156        43
19 SC  ¹285

*Municipalities—Ordinance—Peddlers' license—Trade regulation.*

A municipal ordinance prohibiting peddling without a license is a proper police regulation, but it must be directed against the business, and not against a class of persons engaged in the business, otherwise it is a trade regulation and invalid: Sayre Borough v. Phillips, 148 Pa. 482, followed.

A borough ordinance provided: " That from and after the passage of this ordinance it shall be unlawful for any person or persons, to sell or offer for sale within said borough as a hawker, peddler, traveling merchant, or agent, either by sample or otherwise, any garden, farm, or dairy products, or any other foreign or domestic goods, wares or merchandise, without first obtaining from the chief burgess a license so to do. Provided, however, that this ordinance shall not apply to those persons holding mercantile license within the borough, who comply with the market ordinance, nor to persons selling, or offering for sale, the products of their own farm or garden, and hucksters who first attend the

borough market, and comply with the provisions of the market ordinance."
*Held,* that the ordinance was invalid.

Argued May 24, 1893. Appeal, No. 1, July T., 1893, by plaintiff, from judgment of C. P. Northumberland Co., May T., 1891, No. 356, on verdict for defendant, W. Flannigan. Before STERRETT, C. J., WILLIAMS, ·MITCHELL, DEAN and THOMPSON, JJ.

Appeal from justice of peace imposing a fine upon defendant for refusing to take out license for selling tea and coffee.

At the trial it appeared that the defendant was an employee of the Grand Union Tea Co., of New York city, and traveled by wagon from town to town, selling and delivering tea and coffee. An ordinance of Shamokin borough, where defendant sold goods, dated March 2, 1891, provided "that, from and after the passage of this ordinance, it shall be unlawful for any person or persons, to sell or offer for sale within said borough as a hawker, peddler, traveling merchant, or agent, either by sample or otherwise, any garden, farm, or dairy products, or any other foreign or domestic goods, wares or merchandise, without first obtaining from the chief burgesses a license so to do. . . . Provided, however, that this ordinance shall not apply to those persons holding mercantile licenses within the borough, who comply with the market ordinance, nor to persons selling, or offering for sale, the products of their own farm or garden, and hucksters who first attend the borough market, and comply with the provisions of the market ordinance."

The court charged as follows :

"Upon the former trial of this case, in April last, we were of the opinion that the ordinance upon which the action was founded was a valid and binding ordinance. We founded our opinion upon the decisions of the Supreme Court, several in number, notably the cases of Warren Borough v. Geer, 117 Pa. 207 ; Borough of Sharon v. Hawthorne, 123 Pa. 106 ; Commonwealth v. Gardner, 133 Pa. 284; Titusville v. Brennan, 143 Pa. 642.

"In accordance with those decisions, as we construed them, we directed a verdict for the plaintiff, the borough of Shamokin. Since that time, however, the question has again come before the Supreme Court and been decided differently from the way

we held the law to be when this case was formerly tried.  The last case raising this particular question which has been before the Supreme Court is the case of Sayre Borough, Appellant, v. Phillips, decided on April 18, 1892, just the day before this case was first tried, and reported in the Advance Reports, volume 1, page 596.  The proviso in the ordinance of the borough of Sayre, which ordinance was the foundation of that action, was in the following words : " Provided this ordinance shall not apply to those persons holding a mercantile license residing in said borough, or to persons residing in the county selling or offering for sale goods of their own manufacture, or the products of their own farm or garden, or the sale of papers, magazines, bibles or religious tracts."  The Supreme Court held that the proviso converted the ordinance, otherwise a police regulation, into a trade regulation.  That by reason of the proviso it did not prohibit an injurious business but was intended to prohibit injurious competition, and that therefore the ordinance was void.  The construction put upon the ordinance, in the Borough of Sayre case, by Justice WILLIAMS, who rendered the opinion, was held not to be in conflict with the case of Warren Borough v. Geer, and if it was and is not in conflict with that decision, it is not in conflict with any other decision that we know of, and even if it were in conflict with any prior decision, it is the latest pronunciation of the Supreme Court on the question, and must govern this court in deciding the case now on trial.

" It is contended by counsel for the plaintiff that the ordinance was held to be invalid, in the Borough of Sayre case, because presumably it prohibited all persons from engaging in the business of selling and peddling, etc., and inasmuch as the ordinance in the present case, namely, the borough of Shamokin, does not prohibit all persons engaging in the business of selling and peddling, etc., it does not come within the ruling of the Supreme Court in the case of Sayre Borough v. Phillips.  The Supreme Court in that case were passing upon the ordinance as they found it.  The proviso of the ordinance does not prohibit all persons from engaging in the business of selling and peddling, etc., but, as I have said to you before, applies only to those persons holding a mercantile license residing in said borough, the same provision exactly, I believe, as is found in

the ordinance of the borough of Shamokin, and we are bound to presume that the Supreme Court decided this case, the case of Sayre Borough v. Phillips, on the facts and records as they appeared before them, and that they intended to decide and did decide that the ordinance of the borough of Sayre, containing the proviso which it did contain, was void, and not that some other ordinance containing some other provision was void. That they had nothing before them except that ordinance and must have decided it on its contents, and we think that the point made by the counsel for the plaintiff is not well taken.

" It is true, that the borough of Shamokin ordinance provides that hucksters first attending the borough market and complying with the provisions of the market ordinance, and persons selling, or offering for sale, the products of their own farm and garden, are excepted, but in the ordinance in the borough of Sayre there was practically the same exception made. It does not apply equally upon all persons. Persons holding a mercantile license in the borough and complying with the market ordinance are exempt from this provision. Persons holding a mercantile license, even though not attending the borough market, are within its provisions, and, under the reasoning of the case to which I have called your attention, the last decided case, this ordinance does not bear impartially upon all persons and may not fairly be claimed to be a police regulation intended to destroy a business that was regarded as injurious. It is not helped out, as we think, by the ordinance of the 7th day of November, 1882, entitled a 'market ordinance of the borough of Shamokin : ' we cannot read the provisions of that ordinance into this, and, if we could, we don't think this ordinance would be bettered thereby, because, so far as we have been able to find, there is no provision relative to peddling except that of § 2, which applies to venders or peddlers of eggs, butter, meat, poultry, fruit and vegetables, whereas the ordinance of March 2, 1891, takes a much wider range and applies to a much larger class of merchandise.

" You will therefore render your verdict in favor of the defendant."

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was above charge, quoting it.

*J. W. Gillespie*, for appellant.

*Samuel Heckert*, for appellee.

PER CURIAM, June 7, 1893 :

This case is ruled by Borough of Sayre v. Phillips, 1 Adv. R. 596; 148 Pa. 482. The charge of the court, which alone is assigned for error, is in harmony with that case, and is therefore correct.

Judgment affirmed.