## Markey et al. v. City of York

S. B. Meisenhelder and McClean Stock, for plaintiffs.
Fred B. Gerber, for defendant.

SHERWOOD, J., November 13, 1933.—The pleadings in this case consist of a bill in equity filed March 23, 1933, an answer filed April 18, 1933, a replication

filed May 2, 1933, and a petition to intervene as parties plaintiff filed October 17, 1933.

The issue raised by the pleadings, so far as necessary to a determination of this case, after argument, is: Should an injunction issue restraining the defendants, their agents, and officers, from the enforcement of an ordinance relating to meat, meat products, meat food products, fish, dressed poultry, and game, the inspection, distribution, and sale thereof, requiring permits, relating to the construction of slaughtering establishments, and providing penalties for violation of this ordinance, and from arresting any and all persons violating the said ordinance as amended, based on the theory that the ordinance is invalid by reason of unreasonable classification and discrimination? No requests for findings of fact were filed by the plaintiffs. Defendant filed certain requests for findings of fact on October 16, 1933, but the same were withdrawn on October 30, 1933.

### Findings of fact

The court of its own volition makes the following findings of fact:

(1) Farmer vendors operate on a small scale and generally in seasons in which weather conditions do not make it so essential to take the precautions involved in the requirements of the ordinance.

(2) The ordinance was passed for the protection of the health of the community.

(3) There is a necessity for the inspection of meat products and meat food products for the protection of the health of the citizens of the community to the end that unwholesome meats will not be offered for sale in the community.

### Discussion

A meat ordinance was passed by the council of the City of York, a city of the third class. It provides, inter alia:

(a) No meat, etc., may be brought into the City of York for sale or sold or held or offered for sale therein which is unwholesome or which does not comply with the requirements of the ordinance (section 16), and unwholesome meat is defined by the ordinance as that which is so affected with disease as to be dangerous or so contaminated, putrid, or unsound as to be unfit for food for human consumption (section 10).

(b) Sanitary requirements of establishments and public and private meat markets are prescribed (section 11).

(c) Inspections of establishments, meat, and meat products provided for (sections 2 to 7).

(d) Permit and inspection fees provided for (section 8 as amended).

(e) Prescribes duties of inspector (section 21).

(f) Prohibits establishment of any slaughterhouse in the City of York without special permit (section 19).

(g) Provides a penalty (section 22).

The ordinance as amended was objected to on the following grounds: (1) The fees charged were unreasonably high; (2) The inspection proposed under the ordinance is "superficial, ineffective, and affords no protection to the consumer"; and (3) The ordinance is discriminatory and is based on unreasonable classification. Testimony was taken on behalf of the respective parties, particularly with reference to objections one and two. At the argument, it was conceded that plaintiffs had not met the burden resting upon them relative to objections one and two and, consequently, the two grounds were abandoned, leaving the sole question for determination a legal one, to wit, is the ordinance invalid as to any part by reason of unreasonable classification or discrimination?

By agreement of the parties, an analysis of fees, under the ordinance was stipulated. Plaintiffs insists that the above stipulation establishes the inequalities of the system of fees, both as to classes and as to members within the classes, insisting that there is no distinct difference between the qualifications of a dealer and of a vendor, and asserts that this is shown by reading paragraphs (j) and (k) of section 1. Plaintiffs further insist that a vendor sells only meat food products, but that if subdivisions (n) and (o) of section 1, are compared there is no clear distinction made between meat products and meat food products. In addition, plaintiffs insist that there is no reason why the meat of poultry should receive a special classification and the person who sells it be classed as a vendor, paying a permit fee of $1, and not as a dealer, paying an inspection fee of $15, and that, therefore, farmers are especially favored as a class.

It being conceded that the council of the City of York has the right to protect the health of the people by providing for the inspection of meat and for the imposition of permits and inspection fees, and to make sanitary regulations in reference to the subject, the burden is upon those attacking the ordinance to support their position. The mere fact that the ordinance classifies persons or things does not make it invalid as to such classification, unless it is shown that such classification is arbitrary or unreasonable. In connection with the table of fees stipulated, the ordinance provides, in addition, that a dealer, who is also the operator of an establishment, shall not pay any inspection fee as such dealer in connection with his business as a dealer conducted on the same premises as the establishment, and that a farmer who has a vendor permit pays no inspection fee for his establishment (section 3(b) of ordinance, as amended). It would seem that the stipulation of fees as agreed to by the parties does not, standing alone, clearly establish inequalities in the system of fees, either as to classes or as to members within the classes.

Plaintiffs' conclusion that there is no distinct difference between the qualifications of a dealer and of a vendor is predicated upon the position that while subdivision (n) defines meat products in one way and subdivision (o) defines meat products in another way, these definitions do not succeed actually in defining different things. We do not feel that the ordinance is open to such construction.

The really vital question in the case is whether or not the ordinance, by reason of relieving the farmer vendor from payment of permit and inspection fees, constitutes unreasonable classification or discrimination.

In Pennsylvania, the general trend of legislation and adjudications seem to place a ban upon the licensing of persons making sales of their own farm products. These several acts and adjudications are set forth in an opinion by Shull, Deputy Attorney General, dated April 13, 1933, Sale of Farm Products in Municipalities, 18 D. & C. 576, and in the case of Commonwealth ex rel. v. Warren Borough et al., 17 D. & C. 350.

Classification is a legislative question with which the courts will not interfere if made in good faith and based on genuine and substantial distinctions of the subjects classified. In construing a statute or ordinance, the presumption is that it is a valid exercise of legislative power, and the burden is upon him who attacks it to show, beyond doubt, that it offends some clearly expressed or necessarily implied prohibition of the Constitution. What business or occupation so far affects the public welfare and good order as to require it to be licensed is a matter of legislative consideration and control which, when exercised in good faith, is outside the jurisdiction of the courts. Classification is a legislative question subject to judicial revision only so far as to see that it is founded on

real distinctions in the subjects classified and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition. If the distinctions are genuine, the courts cannot decree the classification void, though they may not consider it to be of a sound basis. The test is not wisdom but good faith in the classification: Commonwealth v. Grossman, 248 Pa. 11, wherein the exemption from the operation of the act of bankers who have done business continuously for 7 years in the same locality prior to the approval of the act was upheld as a reasonable classification based on a real and substantial distinction between two classes of private bankers. To the same effect is Commonwealth v. McDermott, 296 Pa. 299, and Commonwealth v. Young, 57 Pa. Superior Ct. 521, where the court said that the right to classify for purposes of taxation, particularly for license taxation, is not now open to debate. It is essential that the tax applicable to each class shall be levied alike on all the members of that class, but the constitutionality of such classification has been firmly settled.

In the instant case, we see that the general trend of legislation has been to place a ban upon the licensing of persons making sale of their own farm products, and in addition the defendants in this action, by affirmative testimony, have established a definite reason for the classification, in that farmer vendors operate on a small scale and generally in seasons in which weather conditions do not make it so essential to take the precautions involved in the requirements of the ordinance. The only case directly in point that we have been able to find is that of Sterrett & Oberle Packing Co. v. Portland, 79 Ore. 260, 154 Pac. 410. There the ordinance excepted from its provisions persons who kill not more than five animals a week. The plaintiffs sought to enjoin the enforcement of the ordinance on the ground, amongst others, that it granted to a class of citizens privileges and immunities which, on the same terms, did not belong to all citizens and that it was discriminatory. The court said, with regard to those who slaughter less than five animals a week, it would be manifestly impracticable to require them to observe the regulations with respect to slaughterhouses. It is not to be presumed that such persons maintain slaughterhouses. They are mostly small farmers who accasionally sell meat of an animal on the public markets of Portland. There are reasonable grounds for making a separate classification for such small producers. That to us seems to be the reasonable ground for the classification in the present ordinance. The farmer vendor is one who raises a steer or two on his place during the season and then slaughters it, perhaps selling a portion of the meat. It would be unreasonable to require the payment of an inspection fee for one who conducts such a small business.

In the case of Mechanicsburg Borough v. Koons, 18 Pa. Superior Ct. 131, the court held that an ordinance requiring peddlers to take out a license is not invalid because it excepts from its provisions persons selling their own farm produce; and to the same effect is Phœnixville Borough v. Eyrich, 42 Pa. Superior Ct. 241.

As to the classification made in (k) of section 1, all animals which have been raised or fattened for not less than a period of 60 days on the farmer's farm and those which have not been so raised or fattened, the basis for such classification is apparent. Such classification would unquestionably be in line with legislative precedent, as hereinbefore shown. But suppose a farmer purchased a calf a few days old and from that age raised it on the farm, should he not be entitled to the same classification as is enjoyed by his neighbor farmer who raises a calf from birth on his farm? Where should the line be drawn? Council has drawn it at 60 days' fattening. This is reasonable. The period selected is long enough to exclude the idea that the farmer is resorting to a subterfuge. It is incon-

ceivable that one whose real relation to an animal is that of butcher only would buy animals and keep them on his premises for as long as 60 days merely to escape the small fee imposed by the ordinance upon farmer butchers. We feel that this classification is reasonable and proper.

The reason is quite apparent, also, why the dealer who is also an operator of an establishment should not pay an inspection fee as such dealer in connection with his business as a dealer conducted on the same premises as the establishment. One trip of the inspector will answer to make an inspection of both places. He inspects the premises and, in doing so, he covers both the establishment and the dealer's business place. This is the apparent reason for the imposition of but one inspection fee. We feel that it is a sufficient and valid reason. Permit and inspections fees are levied under the police power. They are not taxes and are not levied under the taxing power. Hence, the constitutional provision as to the uniformity of taxes has no application. Any attempt to raise general revenue under the guise of police regulation would fail: Kittanning Borough v. American Natural Gas Co., 239 Pa. 210.

In the case of Commonwealth v. Muir, 1 Pa. Superior Ct. 578, the Superior Court was construing an act to regulate the licensing of public lodging houses in different cities in this Commonwealth. The act excepted "wayfarers' lodges" in which 10 or more persons are lodged for a price for a single night of 25 cents or less for each person, and in its construction with reference to the exception said (p. 582) : "It is of common knowledge that lodging houses in cities may be kept in a manner prejudicial to good order, to the enforcement of the law, and to the public health, and may also become a source of danger from fire. . . . It is for the legislature to determine the class of houses embraced in this description, and this it has done in the present act. It is not for us to review the legislative discretion, where properly exercised, or to say that the houses which the act excludes are within the mischief it is designed to remedy." See also Commonwealth v. Zacharias, 3 Pa. Superior Ct. 264, and Commonwealth v. Brinton, 132 Pa. 69.

The plaintiffs rely largely on three cases cited in their briefs: Sayre Borough v. Phillips, 148 Pa. 482, Shamokin Borough v. Flannigan, 156 Pa. 43, and Soon Hing v. Crowley, 113 U. S. 703; in support of their position. We do not feel that these cases are precedents in this proceeding. In each of the two former cases, the ordinances were bad because nonresident peddlers were subjected to regulations which were inapplicable to resident peddlers. No such regulation appears in the present ordinance. The latter case, that of Soon Hing v. Crowley, involved a laundry ordinance. This case, however, recognizes the right to classify businesses as well as the right to make classification in the business of laundering. We feel that none of the objections to the ordinance is sound, and that the ordinance is valid. It was passed as a health measure and in the language of Doctor Gimper, the State's agent, having charge of meat inspection, "such an ordinance in the City of York is necessary in order to prevent the city from being a dumping ground for unwholesome meats." We feel that the ordinance should not be stricken down in whole or in part unless impelling reasons so require. There are no such reasons. The ordinance is valid. We conclude, therefore, in this case that the ordinance in question does not contain unreasonable classification, nor is the same discriminatory, and in consequence the bill should be dismissed at the costs of the plaintiffs.

### Conclusions of law

(1) The ordinance as amended is not invalidated in any part by reason of any classification therein.

(2) The ordinance as amended is not invalidated in any part by reason of any farmer's classification.

(3) The classifications in the ordinance as amended are reasonable.

(4) Clauses (b) to (e), inclusive, of section 11 of the meat ordinance, are not unenforcible because applicable to farmer vendors; the classification made by the last sentence of clause (l), under section 11, is reasonable and proper.

(5) The meat ordinance as amended is valid.

(6) The bill should be dismissed and plaintiffs ordered to pay costs.

And now, to wit, November 13, 1933, this case came on to be heard, was argued by counsel, and upon consideration thereof it is ordered, adjudged, and decreed as follows: That the bill be dismissed at the cost of the plaintiffs, and the prothonotary is hereby directed to enter this decree as a decree nisi, and unless exceptions are filed thereto within 15 days from the entry of the decree nisi, the same shall be entered as a decree absolute as of course.

From George Hay Kain, York, Pa.