## The Harrisburg Firemen's Relief Assn. of Pa. v. East End Democratic Club of Harrisburg

*Wilhelm E. Shissler* and *John McI. Smith*, for petitioner.

*Henry E. Harner*, for defendant.

Fox, J., July 14, 1941.—This matter comes before us upon a petition for a declaratory judgment.

The petition in substance sets forth that plaintiff is a nonprofit corporation of the Commonwealth of Pennsylvania, having a membership of approximately 3,200 members; that defendant is likewise a nonprofit corporation of the Commonwealth of Pennsylvania; that plaintiff's bylaws, a copy of which is attached to the petition and made a part thereof, in substance provide that the members of each fire engine, hook and ladder, hose, chemical and fire patrol company constitute the

fire department of the City of Harrisburg; that the corporation shall be managed by a board of directors, whose powers and duties shall consist of managing the corporation and performing all the duties committed to them; that plaintiff, in order to more fully protect one of its investments in a mortgage participation certificate, acquired legal title to a certain tract of land situate in the City of Harrisburg, and known and numbered as 1347-49 Howard Street; that subsequent thereto the board of directors of the plaintiff by resolution authorized its duly-constituted officers to and did enter into a written agreement with defendant in which agreement plaintiff gave to defendant the option to purchase the aforesaid properties, viz, nos. 1347 and 1349 Howard Street, Harrisburg, Pa., a copy of said agreement being marked "exhibit B", attached to and made a part of the petition; defendant paid on account of said option the sum of $100; that plaintiff proposed to convey title to the said premises by a deed duly executed by its proper officers, but without a resolution authorizing the same having been approved by a majority of the members of plaintiff association, at a regular or special meeting, duly convened upon proper notice of the purpose; that defendant refuses to accept the proposed deed, contending that approval of the sale by a majority of the members of plaintiff association was and is essential in order to convey a good and marketable fee simple title.

An answer has been filed by defendant, admitting all the pertinent allegations of fact, but contending that plaintiff does not have the power and authority under the articles of incorporation as amended and the bylaws of the said association to sell and convey real estate by its deed, having failed to comply with the statute as hereinafter quoted.

The question before us is:

"Whether or not the officers of The Harrisburg Firemen's Relief Association of the State of Pennsylvania,

acting pursuant to the order and direction of the directors of said association, have the power and authority, under (1) the articles of incorporation as amended and the bylaws of the said association, or (2) the Nonprofit Corporation Law of Pennsylvania, to sell premises known as 1347-49 Howard Street, Harrisburg, Pa., to the East End Democratic Club of Harrisburg, Pa., and to execute and deliver a deed therefor so as to convey a good, marketable fee simple title thereto, without a resolution authorizing the same having been first approved by the majority of the members of the association at a regular or special meeting, duly convened upon proper notice of the purpose."

The Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 308, provides as follows:

". . . a nonprofit corporation shall not . . . purchase, sell . . . or otherwise dispose of any real estate, unless and until a resolution authorizing the same shall have been approved by a majority of the members of the corporation at a regular or special meeting, duly convened upon proper notice of this purpose."

The bylaws of plaintiff provide, inter alia, that the board of directors "shall have and exercise all the powers of managing the corporation, and perform all the duties committed to them, and shall hold office therein for one year or until their successors shall be chosen."

The sole power given to the board of directors under the above-quoted portion of plaintiff's bylaws is that of management and such duties as are committed to them. The word manage means to direct, control, govern, administer, or oversee: Commonwealth v. Johnson, 144 Pa. 377. It is, therefore, obvious that the board of directors' powers under the bylaws are insufficient to convey the within-mentioned real estate by a fee simple deed or deeds.

There being no specific or direct power in the board of directors to sell real estate, under the bylaws, the provisions of the Nonprofit Corporation Law, supra, must be followed.

Plaintiff contends that the real estate was purchased with personalty and is therefore impressed as such and can be sold without compliance with the statute.

The law does not favor conversions: Davidson, Executrix, v. Bright, 267 Pa. 580.

In 18 C. J. S. 46, §3, it is said:

"A direction, to have the effect of a conversion, must be given in a legal way as by will, deed, or judgment of a court, and the mere naked intention of a party verbally expressed is not sufficient, unless in the case of a nuncupative will."

And in section 4, p. 47, it is said:

"The law of its situs controls all matters affecting conversion of real property."

And in section 7 on the same page, it is said:

"Application of the doctrine is limited to equity, wherein it is utilized to effect a fictional change of land to money or money to land pursuant to direction of the owner's will or contract; but the doctrine is not favored and will not be applied to defeat lawful dispositions of property, to circumvent public policy, nor in any other case where the result would be inequitable."

Public policy has been defined as follows:

"The 'public policy' of a state is manifested by public acts, legislative and judicial": Willys-Overland Co. of Calif. et al. v. Chapman et al. (Court of Civ. App. Tex. 1918), 206 S. W. 978. For fuller definitions see Words and Phrases, p. 278, and 50 C. J. 857.

Nowhere in the deed, agreement, or averment in the case stated, does it appear that there was an unequivocal expression or direction for conversion.

Whether or not it is so shown, we do not think that such action could warrant the setting aside of the act of assembly. The act is mandatory and must be followed.

Wherefore we are of opinion that the officers of plaintiff nonprofit corporation, acting pursuant to the order and direction of the directors of said association,

do not have the power and authority under the articles of incorporation, as amended, nor the bylaws, nor under the Nonprofit Corporation Law, to execute and deliver a deed for premises 1347-49 Howard Street, Harrisburg, Pa., so as to convey a good, marketable fee simple title thereto, without a resolution authorizing the same having been first approved by the majority of the members of the association at a regular or special meeting, duly convened upon proper notice of the purpose as provided in section 308, art. III, of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, and defendant cannot for the same reason purchase the real estate.